UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID BEATTEY and
STEVEN MEADOWS, on behalf of
themselves and a similarly situated class,

and

CLASS ACTION
Case No. 19-13763
U.S. District Judge _____

INTERNATIONAL UNION,
UNITED AUTOMOBILE,
AEROSPACE AND AGRICULTURAL
IMPLEMENTWORKERS OF AMERICA
(UAW) and its LOCAL 1037,

    Plaintiffs,

v.

MERITOR, INC. and MERITOR, INC. RETIREMENT
PLAN,

    Defendants.
_____/
MICHAEL NICHOLSON (P33421)
P.O. Box 7215
Ann Arbor, MI 48105
(734) 972-9415
mnlawannarbor@gmail.com
Attorney for Class Plaintiffs and UAW Plaintiffs
_____/

**COMPLAINT AND JURY DEMAND**

Plaintiffs David Beattey and Steven Meadows (the "Class Plaintiffs"), on behalf of themselves and all similarly situated persons in the proposed class described in this Complaint, and Plaintiffs International Union, United Automobile, Aerospace and Agricultural Implement Workers of America (UAW) (the "International Union") and its UAW Local 1037 ("Local 1037," and together with the International Union, the "UAW" or the "Union Plaintiffs"), file this Complaint against Defendant Meritor, Inc. ("Meritor"

or the "Company") and against Defendant Meritor, Inc. Retirement Plan (the "Plan") and allege as follows:

1. This lawsuit is brought (a) as a class action by the Class Plaintiffs, on behalf of themselves and a similarly situated class of employees of Meritor each of whom Class Plaintiffs allege are eligible for a certain permanent shutdown pension benefit under the 2012-2015 collective bargaining agreement between the UAW and Meritor (the "CBA" or the "2012-2015 Meritor CBA"), which CBA provides for the maintenance of such a pension benefit under the Plan, a defined benefit pension plan sponsored by Meritor, and a Plan in which all members of the Class are participants, all pursuant to Rule 23(a) and 23(b)(1) and (2) of the Federal Rules of Civil Procedure, and (b) by the Union Plaintiffs.

2. Count I of this Complaint is brought by the Class Plaintiffs and the UAW under Section 301 of the Labor-Management Relations Act ("LMRA"), 29 U.S.C. §185, and seeks relief for breach of a collective bargaining agreement, including declaratory, injunctive and all other appropriate relief.

3. Count II of this Complaint is brought by the Class Plaintiffs under Section 502(a)(1)(B) of the Employee Retirement Income Security Act of 1974 ("ERISA", 29 U.S.C. §1132(a)(1)(B), to recover benefits due them and members of the Class under the terms of the Plan, to enforce their rights and those of members of the Class under the terms of the Plan, and to clarify their rights to future benefits and those of members of the Class under the terms of the Plan.

**JURISDICTION AND VENUE**

4. This Court has jurisdiction over Count I of this civil action under Section 301 of the LMRA, 29 U.S.C §185. This Court has jurisdiction over Count II of this civil

action under Sections 502(a)(1)(B), 502(e)(1), and 502(f) of ERISA, 29 U.S.C. §1132(a)(1)(B), §1132(e)(1) and §1132(f), and applicable federal common law. This Court also has jurisdiction over this civil action under 28 U.S.C §§ 1331 and 1337.

5. Venue in this judicial district is proper under Section 301 of LMRA, 29 U.S.C. §185, Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2), and 28 U.S.C. § 1391.

**PARTIES**

6. Defendant Meritor is an Indiana corporation that does business in this judicial district and is the plan sponsor of the Plan.

7. Defendant Plan is an "employee pension benefit plan" as that term is defined in ERISA Section 3(2)(A), 29 U.S.C. §1002(2)(A), which Meritor has established and which it maintains.

8. Class Representative David Beattey lives at 5800 Melody Lane, Nashport, OH 43830. He worked as an active hourly employee of Defendant Meritor at its Newark, Ohio facility until it closed in 2015. He is represented as to collective bargaining with Defendant Meritor by the UAW, is covered by the 2012-2015 Meritor CBA, and is a participant in the Plan.

9. Class Representative Steven Meadows lives at 11970 Township Road 474 NE, Somerset, OH 43783. He worked as an active hourly employee of Defendant Meritor at its Newark, Ohio facility until it closed in 2015. He is represented as to collective bargaining with Defendant Meritor by the UAW, is covered by the 2012-2015 Meritor CBA, and is a participant in the Plan.

10. The International Union, headquartered in Detroit, Michigan, and UAW Local 1037, headquartered in Newark, Ohio, are labor organizations that are affiliates of

3

each other and that together represent employees in an industry affecting commerce within the meaning of Section 301 of the LMRA, including Meritor's hourly production and maintenance employees at Meritor's operations in Newark, Ohio (the "Newark Plant").

## CLASS ACTION ALLEGATIONS

11. The Class Plaintiffs bring this class action on behalf of themselves, and on behalf of a class of other similarly situated Meritor employees, which is defined as those who: (a) are represented as to collective bargaining with Meritor by the UAW, (b) are covered by the 2012-2015 CBA, (c) are participants in the Plan pursuant to that CBA, and (d) were actively employed by Meritor at the Newark Plant on April 14, 2015 or within six months prior to that date (the "Class").

12. The exact number of members of the Class is fifty-seven (57) and is therefore so numerous that joinder of each in this action is impracticable.

13. There are common questions of law and/or fact in this action that relate to and affect the rights of each member of the Class. The relief sought is common to the entire Class.

14. The claims of the Class Plaintiffs are typical of the claims of the Class in that the Class Plaintiffs claim that Meritor and the Plan are obligated to provide all members of the Class, including the Class Plaintiffs, with a certain permanent shutdown pension benefit as described the 2012-2015 Meritor CBA, which benefit is required pursuant to the terms of that description to be included in the Plan. There are no conflicts of interest between any Class Plaintiff and other members of the Class, or between members of the Class, with respect to this action.

15. The Class Plaintiffs are the representative parties for the Class and are able to and will fairly and adequately protect the interests of the Class.

16. The attorney for the Class Plaintiffs is experienced and capable in the field of labor law and employee benefits and has successfully prosecuted numerous employee benefit disputes between unionized employees and their employers.

17. This civil action is properly maintained as a class action under Rule 23(b)(2) of the Federal Rules of Civil Procedure in that Meritor and the Plan have acted and/or refused to act on grounds generally applicable to the Class, thereby making final relief appropriate with respect to the Class as a whole.

18. This action is properly maintained as a class action under Rule 23(b)(1)(A) of the Federal Rules of Civil Procedure in that the prosecution of separate actions by individual members would create a risk of adjudication with respect to individual members which would establish incompatible standards of conduct for Defendants.

19. This action is properly maintained as a class action under Rule 23(b)(1)(B) in that the prosecution of separate actions by individual class members would create a risk of adjudications with respect to individual members of the Class which would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudication, or would substantially impair or impede their ability to protect their interests.

## COUNT I
## VIOLATION OF COLLECTIVE BARGAINING AGREEMENT

20. Plaintiffs re-allege and incorporate by reference the above paragraphs 1 through 19 as though fully set forth in this Count I.

21. The International Union and UAW Local 1037 are labor organizations as defined in §2(5) of the National Labor Relations Act, 29 U.S.C. §152(5), with offices, respectively, in Detroit, Michigan, within this judicial district, and in Newark, Ohio.

22. With respect to Meritor, the UAW has represented each of the members of the Class in collective bargaining.

23. The UAW and Meritor negotiated a series of collective bargaining agreement covering the Newark Plant, including the collective bargaining agreement dated October 1, 2012 referenced herein as the "2012-2015 Meritor CBA."

24. The 2012-2015 Meritor CBA contains provisions in its Appendix B (entitled "UAW-Meritor Job Security Program") for a certain permanent shutdown pension benefit designated therein as a "Special Early Retirement Benefit," and includes among its "Eligibility" terms for such benefit the following:

"(B) Plants closed after date of ratification.

(1) Eligibility:

"(a) Employees on the active payroll on June 20, 1985, and employees who are recalled and have or acquire at least then (10) years seniority.

(b) To be eligible for a Special Early Retirement Benefit … the employee must be on the active payroll on date of notification of plant closing, or have worked within six (6) months prior to notification."

25. The foregoing Appendix B to the 2012-2015 Meritor CBA further provides as follows in its Section B:

"(2) Provide Special Early Retirement Benefits to Employees With:

(a) At least 50 years of age with a minimum of (10) years of service whose combined age and service equals 65 points; or,

(b) At least 40 years of service with at least 15 years of service, which will enable

6

them to retire with 65 or more points upon attaining age 50 unless break in service occurs.

(c) Benefits payable in accordance with Pension Plan (Article 11, Section 5). Coordination of benefits will be applied to insurance coverage for retirees."

26. The "date of notification of plant closing," as that term is used in the above-quoted subsection (B)(1)(b) of Appendix B of the 2012-2015 Meritor CBA, is April 14, 2015 with respect to the Newark Plant, as determined by a final and binding labor arbitration award issued by Arbitrator Jerry Fullmer on May 9, 2018, in an arbitration proceeding agreed to by Meritor and the UAW.

27. Each of the members of the Class was on the active Meritor payroll at the Newark Plant on the April 14, 2015 date of notification of plant closing or had actively worked for Meritor at the Newark Plan within six (6) months prior to that date.

28. The UAW and the Class Plaintiffs have and continue to allege that each of the members of the Class meet all the eligibility requirements for a permanent shutdown pension benefit (the "Special Early Retirement Benefit" as promised and established by Appendix B of the 2012-2015 Meritor CBA).

29. Meritor has refused to provide this permanent shutdown pension benefit to the Class Plaintiffs and the members of the Class.

30. Meritor's refusal and failure to provide this permanent shutdown pension benefit to the Class Plaintiffs and the members of the Class is in violation of Appendix B of the 2012-2015 Meritor CBA.

31. If unremedied, Meritor's violation of its contractual obligations under Appendix B will cause economic harm to the Class Plaintiffs and each of the members of the Class.

7

32. The UAW, the Class Plaintiffs and each of the members of Class are entitled to relief under Section 301 of the LMRA, 29 U.S.C. §185.

## COUNT II
## CIVIL ENFORCEMENT OF RIGHTS UNDER ERISA PLAN

33. Plaintiffs re-allege and incorporate by reference the above paragraphs 1 through 32 as though fully set forth in this Count II.

34. Appendix B of the 2012-2015 Meritor CBA is a document and instrument governing the Plan in that it specifies terms for certain pension benefits to be provided under the Plan.

35. Under Appendix B of the 2012-2015 Meritor CBA and the terms of the Plan, the Class Plaintiffs and each of the members of the Class are eligible for and are entitled to receive a permanent shutdown pension benefit promised therein (the "Special Early Retirement Benefit" as promised and established by Appendix B of the 2012-2015 Meritor CBA, and provided for in the Plan).

36. The Class Plaintiffs and the Class are entitled to relief against Meritor and the Plan under ERISA Section 502(a)(1)(B), 29 U.S.C. §1132(a)(1)(B), to recover the benefits due them and members of the Class under the terms of the Plan, to enforce their rights and those of members of the Class under the terms of the Plan, and to clarify their rights to future benefits and those of members of the Class under the terms of the Plan.

## RELIEF REQUESTED

WHEREFORE, Plaintiffs respectfully request that this Court:

A. Upon appropriate motion, certify this action as an appropriate class action as alleged herein and appoint Class Plaintiffs' attorney named below as counsel for the

Class.

B. Enter a declaratory judgment against Meritor under the LMRA Section 301 providing that the Class Plaintiffs and the members of the Class are entitled to the permanent shutdown pension benefit provided for them in Appendix B of the 2012-2015 Meritor CBA, which requires that that same benefit be furnished to them under the Plan.

C. Enter a declaratory judgment against Meritor and the Plan pursuant to ERISA Section 502(a)(1)(B) providing that the Class Plaintiffs and the members of the Class are entitled to the permanent shutdown pension benefit provided for in Appendix B of the 2012-2015 Meritor CBA and by the Plan.

D. Enter preliminary and permanent injunctive relief requiring Meritor and the Plan to provide such benefits.

E. Grant such further relief, including but not limited to damages, as may be deemed necessary and proper.

Respectfully submitted,

By: /s/ *Michael Nicholson*
MICHAEL NICHOLSON (P33421)
P.O. Box 7215
Ann Arbor, MI 48105
(734) 972-9415
mnlawannarbor@gmail.com

Attorney for Class Plaintiffs and UAW Plaintiffs

Dated: December 23, 2019

## JURY DEMAND

Plaintiffs request a jury trial of all issues triable by jury.

Respectfully submitted,


By:   /s/ *Michael Nicholson*
      MICHAEL NICHOLSON (P33421)
      P.O. Box 7215
      Ann Arbor, MI 48105
      (734) 972-9415
      mnlawannarbor@gmail.com

      Attorney for Class Plaintiffs and UAW Plaintiffs

Dated: December 23, 2019