UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| DAVID BEATTEY and STEVEN MEADOWS, on behalf of themselves and a similarly situated class, and INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA (UAW) and its LOCAL 1037, | Class Action<br>Case No. 19-cv-13763<br>Hon. Linda V. Parker<br>Magistrate Judge Elizabeth A. Stafford |

      Plaintiffs,

v.

MERITOR, INC. and MERITOR, INC. RETIREMENT PLAN,

      Defendants.

---

## FINAL JUDGMENT AND ORDER OF DISMISSAL

      This matter comes before the Court for final approval of the Settlement Agreement (ECF 11-2, PageID. 76-103) filed with the Court on May 21, 2020, along with the Parties' Joint Motion for Preliminary Approval of Settlement, Class Certification, and Appointment of Class Counsel and for Order Scheduling Fairness Hearing and Directing Notice to Class (ECF 11, PageID. 1-31).  The Parties have, by motion, now sought final approval of their Settlement pursuant to Rule 23(e) of the Federal Rules of Civil Procedure (ECF 17, PageID. 152-168).  The Court, having considered the Settlement Agreement and its Exhibits and all papers filed and proceedings held herein, and being otherwise fully advised of the premises, and good cause appearing therefore, and using capitalized terms appearing in the Settlement Agreement and the papers filed therewith,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. This Court has jurisdiction over the subject matter of this litigation and over all Parties to this litigation, including all Class Members in the following Class previously certified, for settlement purposes only, in the Court's September 29, 2020 Order Granting Preliminary Approval of Settlement, Certifying the Class and Appointing Class Representatives and Class Counsel, Scheduling a Fairness Hearing, and Directing Notice to the Class (ECF 15, PageID. 147-149) pursuant to Rule 23(a) and Rule 23(b)(1) and (2) of the Federal Rules of Civil Procedure:

> Persons who (i) are represented as to collective bargaining with Meritor by the UAW, and (ii) are covered by the 2012-2015 collective bargaining agreement between Meritor and the UAW (the "2012-2015 CBA"), and (iii) are participants in the Meritor Retirement Plan pursuant to the 2012-2015 CBA, and (iv) were actively employed by Meritor at its Newark, Ohio plant on April 14, 2015, or within six months prior to that date.

2. The Court hereby approves the terms of the Settlement Agreement pursuant to Rule 23(e)(2) and finds that the Settlement agreed to therein is, in all respects, fair, reasonable, and in the best interests of the Class; that it has been negotiated at arms-length by the Class Representatives and Class Counsel, who have adequately represented the Class; that the relief provided for the Class is adequate, taking into account the costs, risks and delay of trial and appeal, and that the method for providing such relief is effective, and that the Settlement treats Class Members equitably relative to each other.

3. Upon the Effective Date of the Settlement, both Meritor, Inc. and the Meritor, Inc. Retirement Plan shall comply with all of their obligations under the Settlement Agreement.

4. The Court hereby dismisses this action as to each Class Member.

5. Upon the Effective Date of the Settlement, the Released Parties, as identified in decretal paragraph O of the Settlement Agreement (ECF 11-2, PageID. 80), are hereby released

3

and forever discharged as to all Claims by each and every Class Member (who is individually identified in Exhibits A and B of the Settlement Agreement), as is provided for in paragraph 8 of the Settlement Agreement (ECF 11-2, PageID. 83-84).

6. Without affecting the finality of this Judgment in any way, the Court hereby retains continuing jurisdiction over the Class and all Parties for the purposes of administering and enforcing the Parties' Settlement and their Settlement Agreement.

**IT IS SO ORDERED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: December 1, 2020